IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ALEXANDER MICHAEL CARLTON        * | |
| Petitioner, | |
| v.                                                         * | CIVIL ACTION NO. RDB-07-1301 |
| WARDEN LISA HOLLINGSWORTH       * | |
| DEPARTMENT OF JUSTICE AND ITS | |
| EMPLOYEES                                      * | |
| Respondents.                       * | |
| *** | |

**MEMORANDUM OPINION**

Petitioner is a U.S. Bureau of Prisons ("BOP") inmate currently housed at the Federal Prison Camp ("FPC") in Cumberland, Maryland. On May 16, 2007, the Court received for filing Petitioner's 28 U.S.C. § 2241 Petition for writ of habeas corpus requesting injunctive relief. Petitioner challenges the conditions of his confinement and the execution of his sentence and seeks relief from "contemplated harm against him...." (Paper No. 1 at 1). Petitioner states that he was indicted on July 16, 1999, and is due to be transferred to a halfway house on or about September 25, 2007. (*Id*.). He claims that prior to this date BOP staff at FPC will seek to take a blood sample for inclusion in the federal government's national DNA database in accordance with the amendments to the DNA Backlog Elimination Act of 2000. (*Id*. at 2). Petitioner further states that once on supervised release, it is standard procedure for probation officers to require a DNA sample for inclusion in the database if a sample has not already been collected. (*Id*.). He states that the DNA Act : (1) violates the prohibition against ex post facto laws; (2) "corrupts the blood" by associating his DNA with criminal activity in perpetuity and "marking" his family as criminal due to the sharing of genetic profiles; and (3) violates the Commerce Clause. (*Id*. at 3-5). Finally, Petitioner claims that the blood sample extraction under the DNA Act invades his privacy and causes unnecessary

harm through the use of an "intrusive" and "invasive" procedure. (Paper No. 1 at 5). He asks the Court to grant his Petition and to enjoin FPC staff from collecting a blood sample.

In 2000, Congress enacted the DNA Analysis Backlog Elimination Act ("DNA Act"), which requires federal authorities to collect DNA samples from individuals in custody and while on probation, parole, or supervised release after being convicted of certain violent crimes. *See* 42 U.S.C. § 14135a (2000). Under the Act, the BOP collects DNA samples from individuals in its custody, and the probation offices collect DNA samples from individuals on probation, parole, or supervised release. *See* 42 U.S.C. §§ 14135a(a)(1)(B), (a)(2) (2005). These entities then submit the DNA samples to the Federal Bureau of Investigation for inclusion in its Combined DNA Index System ("CODIS"). *See* 42 U.S.C.A. § 14135(a-e). The BOP is authorized to use "such means as are reasonably necessary to detain, restrain, and collect a DNA sample from an individual who refuses to cooperate in the collection of the sample." *See* 42 U.S.C. § 14135a(a)(4)(A). The DNA Act also criminalizes the unauthorized retention or disclosure of a DNA sample, and expunges a person's DNA records if his qualifying convictions are overturned.[1] *See* 42 U.S.C. §§ 14135e & 14132. In 2004, Congress amended the DNA Act under "the Justice For All Act of 2004" to expand the list of qualifying offenses to include "[a]ny felony." *See* 42 U.S.C. § 14135a(d) (2005).

---

[1] The DNA Act strictly limits the permissible uses of the DNA information obtained from the DNA test to be used only for purposes specified in the Crime Control Act. *See* 42 U.S.C. § 14135e(b). The Crime Control Act limits the disclosure of the test results to criminal justice agencies for law enforcement identification purposes, for use in judicial proceedings, and for criminal defense purposes to a defendant. *See* 42 U.S.C. § 14132(b)(3). The DNA Act penalizes the disclosure of the sample or result to a person without authorization to receive it or the obtaining of a sample or result without authorization. *See* 42 U.S.C. § 14135e(c). In addition, the DNA Act provides for the expungement of DNA records from CODIS when a conviction for a qualifying offense is overturned. *See* 42 U.S.C. § 14132(d).

Petitioner's felony convictions in the United States District Court for the Southern District of Iowa, *see United States v. Carlton*, Criminal No. RP-99–0152 (S. D. Ia.), are qualifying federal offenses under the DNA Act. Consequently, Petitioner must submit a blood sample in accordance with the DNA Act. Where, as here, an inmate is seeking injunctive relief, the same may only be granted if the inmate can demonstrate: (i) the likelihood he will be irreparably harmed if emergency relief is denied; (ii) the likelihood that the opposing party will not be harmed if the requested relief is granted; (iii) the likelihood that the inmate will succeed on the merits; and (iv) that the public interest will be served if the injunction is granted. *See Blackwelder Furniture Co. v. Seilig Manufacturing Co.*, 550 F.2d 189, 195-96 (4th Cir. 1977).

The United States Court of Appeals for the Fourth Circuit has not yet ruled on this precise issue.[2] In *Jones v. Murray,* 962 F.2d 302, 304 (4th Cir.1992), however, the Fourth Circuit upheld the constitutionality of a Virginia statute requiring incarcerated felons to provide the Commonwealth with a blood sample for DNA analysis and storage." Following *Jones*, this Court issued a decision in *U.S. v. Stegman,* 295 F.Supp.2d 542, 548-49 (D. Md. 2003) which found the collection requirement under the DNA Act of 2000 to be reasonable under the Fourth Amendment. In light of caselaw on this issue, the overwhelming majority of which conclude that the DNA Act passes constitutional and statutory muster, injunctive relief shall not issue. As the Fourth Circuit has taken

---

[2]  As best as this Court can tell, all circuit courts, with the exception of the First, Fourth, and Eleventh Circuits, have addressed the issue. The courts have consistently (1) found that the DNA Act does not violate the Commerce or Ex Post Facto Clauses and (2) upheld the DNA Act under the Fourth and Fifth Amendments . *See United States v. Amerson*, 483 F.3d 73 (2d Cir. 2007); *United States v. Reynard*, 473 F.3d 1008 (9th Cir. 2007); *United States v. Hook*, 471 F.3d 766 (7th Cir. 2006); *United States v. Kraklio*, 451 F.3d 922 (8th Cir. 2006); *United States* v. *Sczubelek,* 402 F.3d 175 (3rd Cir. 2005); *United States v. Kincade*, 379 F.3d 813 (9th Cir. 2004); *United States v. U.S. Dep't of Justice*, 354 F.3d 411 (5th Cir. 2004); *United States v. Plotts*, 347 F.3d 873 (10th Cir. 2003); *United States v. Kimler,* 335 F.3d 1132 (10th Cir. 2003); *United State v. Bean*, 2007 WL 1777898 (6th Cir. 2007).

appellate review over an earlier case challenge to the DNA Act emanating from this Court, *see Trolinger v. Henry*, CA-07-6269, the undersigned deems it appropriate to stay a final decision on this matter and to administratively close this case.[3]  A separate order follows.


Date:    May 23, 2007                                          /s/                                                           
                                                                  RICHARD D. BENNETT
                                                                  UNITED STATES DISTRICT JUDGE

---

[3] Petitioner's Motion to Proceed Pro Se for a Liberal Pleading and to Proceed In Forma Pauperis and shall be granted.  In light of the decision of this Court, however, his Motion for Appointment of Counsel shall be denied.